*CROFT* vs. *KIRKLAND'S SYNDIC.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE FOURTH PRESIDING.

Eastern District, *January* 1831.

CROFT
*vs.*
KIRKLAND'S
SYNDIC.

A creditor who has appeared in the concurso and successfully attempted to obtain a different place on the tableau, is bound by the final judgment, and cannot maintain an action of nullity.

This was an action of nullity to set aside the proceedings in the case of Kirkland against his creditors, upon various grounds, which are given in the opinion of the court.

To the plaintiff's right of action, the defendant urged the following peremptory exception, to wit: That the plaintiff was put upon the Bilan in the insolvent proceedings complained of by him, and that he opposed the homologation of the tableau of distribution. This fact being established by the testimony, the court *a quo* sustained the exception, and dismissed the action, from which judgment the plaintiff appealed.

*Watts* and *Turner* for appellee.

*Ripley* and *Downs* for appellant.

*Porter J.* delivered the opinion of the court.

This is an action of nullity, to set aside and have declared void, the proceedings of *a concurso* in the case of Kirkland *vs.* his creditors. The following grounds are alleged in the petition.

1. There were no citations issued, or notices sent out by the notary, or published according to law, to convene the *concurso* for the surrender of property.

2. The cession of property was not made to the judge, and by him accepted for the benefit of the creditors, as provided for by law.

3. There were no citations, according to law, to the creditors who live out of the parish of East Feliciana.

4. It was not competent for the debtor, after the deliberations were closed, to make the cession of property, without new notices and citations, in order that all the creditors might be present at the choice of syndics.

Eastern District,
*January* 1831.

CROFT
*vs.*
KIRKLAND'S
SYNDIC.

5. It appears from the process verbal of the deliberations, that Joseph A. Kirkland, the insolvent, did not make the cession until after many of the creditors went away, inasmuch as a greater number voted on the *concurso* for the respite, than were present, and voted for the cession of property.

6. The proceedings of the *concurso* were continued over to the 27th of February, 1827, without any vote of the creditors for that purpose, which is contrary to law.

7. Because all the proceedings in relation to said surrender were irregular, and without any law to justify them, and all sales and proceedings, in pursuance of the same, are illegal and void.

To this petition, various objections were presented in the shape of exceptions. We only deem it necessary to notice that which alleges that the plaintiff had made himself a party to the proceedings in *concurso*, and filed opposition to the tableau of distribution.

The evidence shews that the petitioner did object to the tableau of distribution, because he was placed thereon as a chirographary creditor, when he should have been put down as a privileged one. That his opposition was overruled in the court below, and that on appeal, this judgment was confirmed here.

A creditor who has appeared in the concurso and successfully attempted to obtain a different place in the tableau, is bound by the final judgment and cannot maintain an action of nullity. We are of opinion that, after a creditor has appeared in *concurso*, and endeavoured to obtain the benefit of the proceedings had in the cause, that he cannot afterwards allege errors such as those set forth in his petition. It is similar to a party objecting to the mode in which suit has been commenced, and he brought into court after he has pleaded to the merit.

It is, therefore, ordered, adjudged and decreed, that th judgment of the District Court be affirmed with costs.